UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KENNETH MITCHELL** | : | Case No. 1:19-CV-01090 |
| 5522 Fletching Circle | : | |
| Hamilton, Ohio 45011 | : | Judge |
| | : | |
| **Plaintiff** | : | |
| | : | |
| -vs- | : | |
| | : | |
| **CARESOURCE** | : | **COMPLAINT WITH JURY DEMAND** |
| 230 N. Main Street | : | |
| Dayton, Ohio 45402 | : | |
| | : | |
| **Defendants** | : | |

Now comes Plaintiff and for his complaint against Defendant hereby state as follows.

## THE PARTIES

1. Plaintiff is a resident of Butler County, Ohio.

2. Defendant CareSource is a non-profit Ohio corporation with its principal place of business in Montgomery County, Ohio. CareSource is an employer as that term is defined under 42 U.S.C. §12111(5)(a) and a covered entity as provided in 42 U.S.C. §12111(2). It is also an employer as defined under Ohio Revised Code 4112.01 et seq.

## JURISDICTION AND VENUE

3. Jurisdiction of this case rests upon 42 U.S.C. §12117, and 28 U.S.C. §1331. Jurisdiction over Plaintiff's state court claims is based upon this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is based on 28 U.S.C. §1391(b) and §1391(c) because a substantial part of the events giving rise to the claims occurred in this judicial district and the Defendant does business in this judicial district.

## STATEMENT OF FACTS

5. On or about September 28, 2015, Plaintiff began a position of employment with CareSource as the Manager HEDIS Analytic reporting to Nicole Johnson.

6. During the period of his employment, Plaintiff performed his job duties in a capable and competent manner.

7. In early May of 2017, Plaintiff was diagnosed with a disability. Subsequently, after being diagnosed with a disability, Plaintiff was placed upon a verbal warning on or about May 9, 2017.

8. Plaintiff notified both his supervisor and Brian Apwisch, the Human Resources business partner for CareSource, of his disability. He also notified Jessica Terry, a business analyst in the human resources department, in August of 2017 of his disability.

9. In late summer, Plaintiff requested an accommodation from CareSource and specifically Brian Apwisch, Jessica Terry and Nicole Johnson.

10. Rather than accommodating Plaintiff, CareSource, through its agent Nicole Johnson, placed Plaintiff on a written warning on September 5, 2017.

11. Thereafter, on September 22, 2017, Plaintiff submitted medical paperwork to CareSource from his physician identifying the accommodation required for his disability.

12. On October 23, 2017, Plaintiff met with Nicole Johnson and others to discuss a workplace accommodation.

13. Rather than accommodate Plaintiff's disability, CareSource placed him on a final written warning dated November 6, 2017.

14. The final written warning was appealed by Plaintiff and later rescinded.

15. While Plaintiff was attempting to further identify his workplace accommodations, he complained on or about February 13, 2018 in writing to CareSource that he believed he was a victim of discrimination.

16. After complaining about being a victim of discrimination, Plaintiff was placed on a second final written warning on March 23, 2018.

17. Throughout the spring and fall of 2018, CareSource refused to accommodate Plaintiff and made his job so difficult that he was set up to fail.

18. On October 23, 2018, Plaintiff was terminated for alleged poor performance.

## COUNT I
### (Disability Discrimination Under the Americans with Disabilities Act)

19. Plaintiff realleges the allegations contained in paragraphs 1 through 18 as if fully rewritten herein.

20. The Americans with Disabilities Act ("ADA") prohibits an employer from discriminating against a person because of their disability.

21. In May of 2017, Plaintiff was diagnosed with a disability which affected the major life activities of speaking, maintaining concentration, memory, sleeping, and working.

22. Plaintiff was able to perform his job duties with reasonable accommodations that were submitted to CareSource in September of 2017.

23. CareSource refused to accommodate Plaintiff as it relates to his workplace activities.

24. CareSource's refusal to accommodate Plaintiff, and its discrimination against him because of his disability, resulted in him obtaining verbal and written warnings, lack of raises, failure to allow him to transfer, and ultimately a termination.

25. CareSource's actions are a violation of 42 U.S.C. §§12112(a), 12112(a)(1), and 12112(a)(5).

26. As a direct and proximate result of CareSource's unlawful conduct, Plaintiff is entitled to all relief as set forth in 42 U.S.C. §12117(a).

## Count Two
### (Retaliation Under the Americans With Disabilities Act)

27. Plaintiff realleges the allegations contained in paragraphs 1 through 26 as if fully rewritten herein.

28. During Plaintiff's employment, Plaintiff complained that he was being discriminated against by CareSource's failure to accommodate him and because of his disability. One of those complaints was put in writing on February 13, 2018.  Approximately six weeks later, Plaintiff was placed on a final written warning which ultimately became a justification for his termination.

29. Plaintiff states that the discipline imposed on him and his termination were the result of his complaints of unlawful discrimination in violation of 42 U.S.C. §12203(a).

30. As a direct and proximate cause of CareSource's unlawful retaliation, Plaintiff is entitled to all remedies as set forth in 42 U.S.C. §12203(c).

## Count Three
### (Disability Discrimination Under Ohio Revised Code §4112.02 et seq.)

31. Plaintiff realleges the allegations contained in paragraphs 1 through 30 as if fully rewritten herein.

32. Based on the foregoing, CareSource has violated Ohio Revised Code §4112.02(A) due to Plaintiff's disability.

33. As a direct and proximate result of CareSource's unlawful conduct, Plaintiff is entitled to all remedies as set forth under Ohio Revised Code §4112.99.

### Count Four
### (Retaliation Under Ohio Revised Code §4112.02(I))

34. Plaintiff realleges the allegations contained in paragraphs 1 through 33 as if fully rewritten herein.

35. CareSource's retaliatory conduct is a violation of Ohio Revised Code §4112.02(I).

36. As a direct and proximate result of CareSource's unlawful conduct, Plaintiff is entitled to all remedies as set forth in Ohio Revised Code §4112.99.

37. On or about August 15, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit A.

38. On or after September 25, 2019, Plaintiff received a Right to Sue letter, a copy of which is attached as Exhibit B.

**WHEREFORE,** Plaintiff demands judgment against Defendant CareSource for the acts complained of in this complaint, in an amount to be determined at trial, but believed to be in excess of Five Hundred Thousand ($500,000) dollars, for both prejudgment and post-judgment interest, backpay, front pay, compensatory and punitive damages and reasonable attorney's fees, trial by jury, and any other additional relief to which he may be entitled.

Respectfully submitted,

/s/   Mark J. Byrne
**MARK J. BYRNE (0029243)**
Trial Attorney for Plaintiff
JACOBS, KLEINMAN, SEIBEL & McNALLY, LPA
Cincinnati Club Building
30 Garfield Place, Suite 905
Cincinnati, Ohio  45202
Phone:  (513)  381-6600
Fax:     (513)  381-4150
E-mail:  mbyrne@jksmlaw.com

## **JURY DEMAND**

Plaintiff hereby demands a trial of all issues by a jury.

/s/   Mark J. Byrne
**MARK J. BYRNE (0029243)**